UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES BLOCHO,<br><br>    Plaintiff,<br><br>v.<br><br>TODD ROTHBARD, et al.,<br><br>    Defendants. | Case No. 18-cv-03750-BLF<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART; DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO KEEP THE COURT INFORMED AS TO HIS CURRENT ADDRESS**<br><br>[Re: ECF 3, 7] |

For the reasons discussed below, the Court ADOPTS Magistrate Judge Susan van Keulen's Report and Recommendation that Plaintiff's application to proceed *in forma pauperis* be denied and DENIES the application, and DISMISSES the action due to Plaintiff's failure to keep the Court informed as to his current address.

**I.  BACKGROUND**

Plaintiff James Blocho, proceeding *pro se*, filed this action on June 25, 2018, based on Defendants' filings in a state court unlawful detainer action. *See* Compl., ECF 1; Am'd Compl., ECF 4. According to Plaintiff, the filings in question – a request for entry of default and default judgment – were fraudulent, unethical, and illegal. Am'd Compl. ¶¶ 22-44. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP application"). *See* IFP Application, ECF 3. The matter initially was assigned to Magistrate Judge Susan van Keulen for all purposes. *See* ECF 5. The Clerk issued a letter dated July 10, 2018, directing Plaintiff to file a consent or a declination to magistrate judge jurisdiction. *See id.* Although the letter was sent to the address Plaintiff had provided on his complaint and amended complaint, the letter was returned to the

1 Court as undeliverable on July 24, 2018.

On August 10, 2018, Judge van Keulen issued an order that the case be reassigned to a district judge along with a Report and Recommendation ("R&R") that the IFP application be denied and that the action be dismissed under several abstention doctrines. *See* R&R, ECF 7. The case was reassigned to the undersigned, and both the reassignment order and the R&R were served on Plaintiff by mail. *See* Certificate of Service, ECF 7-1; Reassignment Order, ECF 8; Certificate of Service, ECF 8-2. Unfortunately, the documents were sent to the wrong address, and they were returned as undeliverable. *See* ECF 10, 11.

On September 19, 2018, the reassignment order and R&R were mailed to the address of record provided by Plaintiff. *See* Certificates of Service, ECF 7-2, ECF 8-4. However, both documents were returned as undeliverable, the reassignment order on October 22, 2018 and the R&R on October 29, 2018. *See* ECF 12, 13.

## II. ADOPTION OF R&R TO DENY IFP APPLICATION

When a magistrate judge is assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim, the magistrate judge must issue a recommended disposition for review by a district judge. Fed. R. Civ. P. 72(b)(1). The recommended disposition must be served on the parties, who then have fourteen days to file objections. Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In this case, no objections were filed, as the R&R served on Plaintiff at the address he provided to the Court was returned as undeliverable. The Court has reviewed the R&R and agrees with Judge van Keulen's recommendation that Plaintiff's IFP application should be denied. The Court may authorize the commencement of a civil suit without prepayment of the filing fee if the Court is satisfied that the plaintiff cannot pay the fee. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th

1   Cir. 2015). Here, Plaintiff's application indicates that he is employed and earns $4,430 per month.

2   IFP Application, ECF 3. Accordingly, Plaintiff has failed to demonstrate that he qualifies for IFP

3   status. *See Escobedo*, 787 F.3d at 1234 ("[A] plaintiff seeking IFP status must allege poverty with

4   some particularity, definiteness and certainty." (quotation marks and citation omitted)).

Accordingly, the Court ADOPTS the recommendation to deny Plaintiff's IFP application and DENIES the IFP application. The Court need not address the remainder of Judge van Keulen's R&R in light of the Court's determination that the action is subject to dismissal due to Plaintiff's failure to keep the Court informed of his current address, discussed below.

### III. DISMISSAL FOR FAILURE TO INFORM COURT OF CURRENT ADDRESS

This Court's Civil Local Rules require that an attorney or a *pro se* party must keep the Court informed of his or her current address. Civil L.R. 3-11(a). "The Court may, without prejudice, dismiss a complaint or strike an answer when: (1) Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and (2) The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address." Civil L.R 3-11(b). The Ninth Circuit has held that under such circumstances, dismissal without prejudice is appropriate. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal of action pursuant to a civil local rule conferring discretion on the court to dismiss a *pro se* plaintiff's action if mail is returned as undeliverable and the pro se plaintiff fails to contact the court within 60 days thereafter). The Ninth Circuit concluded that "[r]equiring any additional notice in the unique circumstances presented by a pro se litigant's failure to advise the district court of a change in his address is unworkable." *Id.*

Mail delivered to Plaintiff's address of record first was returned as undeliverable on July 24, 2018. *See* ECF 6. More than 60 days have passed, and the Court has not received a written communication updating Plaintiff's address. To the contrary, the Court has received additional pieces of returned mail which were sent to Plaintiff's address of record. *See* ECF 12, 13.

Accordingly, pursuant to the authorities discussed above, this action is DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to keep the Court informed of his current address.

**IV. ORDER**

    (1)    Magistrate Judge van Keulen's R&R is ADOPTED IN PART as set forth above;

    (2)    Plaintiff's IFP application is DENIED; and

    (3)    The action is DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to keep the Court informed of his current address.

Dated: November 1, 2018

_____
BETH LABSON FREEMAN
United States District Judge